UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MURPHY CALAIS** | **DOCKET NO. 6:20-cv-01168** |
| **D.O.C. # 82684** | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RODNEY SLAY** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Murphy Calais. Calais is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.  IT IS RECOMMEDED that the petition be DENIED and DISMISSED WITH PREJUDICE as time barred.

I.   **Background**

Calais' petition, exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana show that he was convicted on one charge of aggravated kidnapping and sentenced to a term of life imprisonment on January 14, 1976.  It does not appear that he filed a direct appeal.

Calais' first application for post-conviction relief was filed in the 16th Judicial District Court on an unknown date and denied by the Louisiana Supreme Court on March 22, 1991. *See State ex rel. Calais v. Smith*, 575 So.2d 819 (La. 1991).

The Louisiana Supreme Court denied two writ applications filed much later by Calais in 2017. The first was denied as untimely. *See State ex rel. Calais v. State*, 16-0476 (La. 6/5/17), 221 So. 3d 58. The second was not considered, as the court found that "Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La.S.Ct.R. X § 5(b)." *State ex rel. Calais v. Smith*, 228 So.3d 192 (La. 2017).

A fourth application was filed in 2018. The Louisiana Supreme Court ruled:

> Denied. The application is properly construed as an untimely application for post-conviction relief. *See State ex rel. Glover v. State,* 93-2330, pp. 9-11 (La. 9/5/95), 660 So.2d 1189, 1195-96 (distinguishing habeas corpus from postconviction relief and endorsing La.C.Cr.P. art. 351 and its cmt. (c), which states that 'habeas corpus is not the proper procedural device for petitioners who may file applications for post conviction relief;' rather, it 'deals with pre-conviction complaints concerning custody.'). In addition, relator previously exhausted his right to state collateral review. *See State ex rel. Calais v. State*, 16-0476 (La. 6/5/17), 221 So. 3d 58.

*State v. Calais*, 2018-0215 (La. 01/28/19), 262 So. 3d 891.

On January 18, 2019, a fifth application was denied by the Louisiana Supreme Court. *State v. Calais*, 2018-0215 (La. 01/28/19), 262 So. 3d 891. Finally, the

State's highest Court denied Calais' sixth application on July 21, 2020. *State v. Calais*, 2019-1941 (La. 07/31/20), 300 So. 3d 403.

On September 8, 2020, Calais filed the petition presently before this Court, arguing ineffective assistance of trial counsel with respect to his guilty plea. Rec. Doc. 1.

## II. Law & Application

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Limitations*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that

the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

It does not appear that Petitioner filed a direct appeal of his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following his January 14, 1976 conviction or on or about February 13, 1976.[2] Under §2244(d)(1) petitioner had one year from that date, or until February 13, 1977, to file his federal habeas petition.

Calais was unable to toll the AEDPA's limitations period. While the date Calais filed his first post-conviction application is unknown, it is likely that by the time he filed same, the limitations period had already expired and could not

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

thereafter be revived[1]. *See Villegas,* 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Calais does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. Accordingly, Calais' claims

---

[11] If Calais did file his first collateral attack timely, and the Louisiana Supreme Court did not rule until 1991, his petition is still untimely, as over 25 years has passed since the Louisiana Supreme Court denied his first application.

cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### III. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** as time barred.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

-7-

THUS DONE in Chambers on this 13th day of January, 2021.

**Carol B. Whitehurst**
**United States Magistrate Judge**